IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVNIA

| | | |
|---|---|---|
| FERNANDO REAL, | : | Civil No.: 3:13-CV-01054 |
| | : | |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| | : | |
| C/O HUBER, et al., | : | |
| | : | |
| Defendants. | : | (Magistrate Judge Saporito) |

**ORDER**

March 24, 2016

I. Procedural History

On April 23, 2013, Plaintiff Fernando Real filed a *pro se* civil complaint which asserted violations of his rights under the Eighth Amendment as well as his Fourteenth Amendment due process rights. Plaintiff also asserted a state law intentional infliction of emotional distress claim together with a state civil rights claim.[1] Plaintiff applied for in forma pauperis status on May 3, 2013, which was granted on May 8, 2013.

On February 18, 2014, Magistrate Judge Thomas M. Blewitt filed a report and recommendation suggesting that this Court dismiss Plaintiff's Eighth Amendment claims regarding both substandard living conditions and denial of

---

[1] Report and Recommendation 1-2.

1

medical care, his due process claim with respect to disciplinary proceedings, his retaliation, access-to-courts, and property due process claims as against supervisory defendants, and his state law tort claims.[2] (ECF 32). This Court adopted the report and recommendation in part and rejected it in part, modifying the dismissal of Plaintiff's intentional tort claims with prejudice to a dismissal without prejudice. (ECF 35).

The matter was remanded for further proceedings regarding Plaintiff's retaliation claims, access-to-courts claims, and due process claim regarding lost or destroyed property. (ECF 35). Chief Magistrate Judge Martin C. Carlson granted Plaintiff leave to file a supplemental complaint, in which Plaintiff provided additional factual allegations with respect to his retaliation and access-to-courts claims, and asserted an additional legal claim— the destruction of his legal documents constituting a violation of his Sixth Amendment right to present a defense at his murder trial. (ECF 53-54).

On March 9, 2015, Plaintiff filed a motion for partial summary judgment, seeking a ruling on his retaliation and access-to-courts claims against defendant CO Huber and his retaliation claim against defendant Dennis King.[3] On March 27, 2015, the defendants filed a motion for summary judgment on the merits of Real's

---

[2] Report and Recommendation 3.
[3] Report and Recommendation 4.

retaliation claims, his access-to-courts claims, and his due process claim regarding lost or destroyed property.[4]

On November 17, 2015, Magistrate Judge Joseph F. Saporito, Jr., issued a report and recommendation, recommending that this Court (1) grant the defendant's motion for summary judgment (2) deny the plaintiff's motion for partial summary judgment (3) rule in favor of the defendants with respect to Plaintiff's retaliation claims, access to court claims, and due process claims, and (4) dismiss all remaining claims for failure to state a claim. (ECF 78). Objections to the report and recommendation were due by December 4, 2015. (ECF 78). Plaintiff filed untimely objections to the report and recommendation on December 16, 2015. (ECF 79). On December 28, 2015, defendants filed a "Brief in Opposition to Plaintiff's Objections to Report and Recommendation." (ECF 80).

II. Standard of Review

When a Report and Recommendation is filed, it is disseminated to the parties in the case who then have the opportunity to file written objections.[5] When objections are timely filed, the district court must conduct a de novo review of those portions of the report to which objections are made.[6] Although the standard

---

[4] Report and Recommendation 5.
[5] 28 U.S.C. 636(b)(1)
[6] 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011)

of review for objections is de novo, the extent of review lies within the discretion of the district court, which may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[7]

For portions of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[8] Regardless of whether timely objections are made by a party, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[9]

This Court agrees with the findings of Magistrate Judge Saporito, and will adopt the report and recommendation in full. Overlooking the untimeliness of Plaintiff's objections, this Court has reviewed the objections made and found them unpersuasive.

III. Discussion

First, Plaintiff argues that Magistrate Judge Saporito neglected to consider each motion for summary judgment separately, but instead that Plaintiff's motion

---

[7] *Rieder v. Apfel,* 115 F. Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)
[8] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010)(citing *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)
[9] 28 U.S.C. § 636(b)(1); Local Rule 72.31

for summary judgment was denied "based on the findings of Defendant's motion for summary judgment."[10] Magistrate Judge Saporito was familiar with, and noted in his report and recommendation, the rule that the Court must consider "cross motions for summary judgment… separately, and view the evidence presented for each motion in the light most favorable to the nonmoving party." [11] Plaintiff's case was explicitly given separate consideration on page 47 of the 56 page report and recommendation, where the magistrate judge concluded that Plaintiff failed to prove an entitlement to summary judgment after viewing in the light most favorable to the non-moving parties.[12]

Second, Plaintiff argues that the facts of his First Amendment retaliation and access-to-courts claims are undisputed, and as such, he is entitled to summary judgment. Magistrate Judge Saporito's well-reasoned report explains that Plaintiff's retaliation claim is disputed by declarations by Defendants King, Gardner, and Boring concluding that the misconduct was not issued for retaliatory reasons, but due to Plaintiff's possession of a steel shank in his cell. Magistrate Judge Saporito further notes that these declarations are corroborated by the misconduct report created by Defendant King after the weapon was seized, as well

---

[10] Plaintiff's Objections 5.
[11] Report and Recommendation 12.
[12] Report and Recommendation 47.

as in the disciplinary hearing examiner's findings of fact and verdict that Plaintiff committed the charged offenses.[13]

Further, Magistrate Judge Saporito is correct that, even if Plaintiff had satisfied his prima facie burden of demonstrating retaliatory animus, Plaintiff's possession of a steel shank in his cell constitutes a serious offense which Plaintiff would have been disciplined for whether or not he had previously filed grievances.[14] As discussed by Magistrate Judge Saporito, Plaintiff's access-to-courts claim is foreclosed by a matter of law because Plaintiff was represented by counsel in his criminal proceedings.[15]

Third, Plaintiff argues that Magistrate Judge Saporito improperly granted Defendant's motion for summary judgment on the retaliation and access to court claims. However, even if Plaintiff is correct that the magistrate judge overlooked grievance no. 397924, which purportedly states that Defendant Huber threatened to destroy Plaintiff's property if he filed a grievance, summary judgment is still nevertheless appropriate on the retaliation claim. This is because Plaintiff's possession of the steel shank was "so 'clear and overt' a threat to security that there is no genuine dispute of material fact that issuance of a misconduct was

---

[13] Report and Recommendation 16.
[14] Report and Recommendation 23.
[15] Report and Recommendation 41.

'reasonably related to legitimate penological interests.'"[16] As discussed previously, the Plaintiff would have been disciplined for this offense irrespective of whether or not he had filed cell-condition grievances months earlier.[17] Again, Plaintiff's access-to-courts claim is foreclosed because Plaintiff was represented by counsel throughout his criminal proceedings.

Fourth, Plaintiff argues that Magistrate Judge Saporito improperly dismissed his First Amendment retaliation claim against Sergeant Cook for failure to state a claim. This Court agrees with the finding of Magistrate Judge Saportio that Plaintiff has not demonstrated a "causal link" between the purported threats by Defendant Cook and the issuance of the misconduct regarding the steel shank.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation is adopted in full.
2. The Defendant's motion for summary judgment is GRANTED.
3. The Plaintiff's motion for partial summary judgment is DENIED.
4. The Clerk is directed to enter JUDGMENT in favor of the Defendants and against the Plaintiff with respect to the plaintiffs retaliation claims against defendants King, Gardner, Boring, and Huber, his access-to-courts claims,

---

[16] Report and Recommendation 23; *See Carter v. McGrady*, 292 F.3d 152, 159 (3d Cir. 2002)
[17] Report and Recommendation 23.

and his due process claim based on confiscation or destruction of his personal property.

5. All remaining claims are DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

6. The Clerk is directed to mark this case as CLOSED.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge